IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E. WIMBERLY, | § | |
| TDCJ No. 01207400, | § | |
| | § | |
| V. | § | W-23-CV-455-ADA |
| | § | |
| BOBBY LUMPKIN. | § | |

### ORDER OF DISMISSAL

Before the Court is Petitioner Christopher E. Wimberly's pro se filing entitled "Motion to Reopen the Evidence with Memorandum in Support Pursuant to Rule 60(b)(6)." (ECF No. 1.) Wimberly seeks to use Federal Rule of Civil Procedure 60(b) to challenge the evidence used to convict him in his state criminal case.

The exclusive remedy for a prisoner who challenges the fact or duration of his confinement is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). Accordingly, Wimberly's filing is properly construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Wimberly previously filed a petition for writ of habeas corpus which was denied on February 24, 2011. *Wimberly v. Quarterman*, No. 6:08-cv-00180-WSS (W.D. Tex. Feb. 24, 2011). He subsequently filed two motions in the Fifth Circuit Court of Appeals for authorization to file a successive 28 U.S.C. § 2254 petition, both of which the Fifth Circuit denied. After the second motion, the Fifth Circuit warned Wimberly that he could be sanctioned in the future if he continued to file repetitive and frivolous motions with the court. *In re Christopher Wimberly*, No. 19-50294 (5th Cir. Apr. 29, 2019) (sanctions

warning); *In re Christopher Wimberly*, No. 18-50597 (5th Cir. Aug. 29, 2018). Wimberly's current petition raises claims which existed prior to the filing of his previous habeas corpus petition.

Under 28 U.S.C. § 2244(b)(3), before a petitioner files a second or successive application for writ of habeas corpus in a federal district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. There is no record Wimberly filed any such motion in the Fifth Circuit Court of Appeals. Accordingly, Wimberly's current petition for writ of habeas corpus is dismissed for lack of jurisdiction because he did not obtain prior approval before filing this successive habeas petition. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

It is therefore **ORDERED** that Wimberly's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and

It is finally **ORDERED** a certificate of appealability is **DENIED**.

SIGNED this 20th day of June, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE