### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER E. WIMBERLY,** | § | |
| **TDCJ No. 01207400,** | § | |
| | § | |
| **V.** | § | **W-23-CV-455-ADA** |
| | § | |
| **BOBBY LUMPKIN.** | § | |

### ORDER

Before the Court is Petitioner Christopher E. Wimberly's Objections to Order of Dismissal. On June 20, 2023, the Court dismissed Petitioner's federal habeas petition as an unauthorized successive petition. Petitioner now argues the Court erred by (1) construing his Motion to Reopen Evidence Pursuant to 60(b)(6) as a petition for habeas corpus relief under 28 U.S.C. § 2254; (2) concluding Petitioner was challenging the evidence in his state criminal case when, in fact, Petitioner was presenting newly discovered evidence not presented in his state criminal case; (3) concluding Petitioner was challenging the fact or duration of his confinement; and (4) failing to construe Petitioner's pleading as a motion under Rule 60(b)(6). (ECF No. 6.)

The Court construes Petitioner's objections as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). If a petitioner files a Rule 60(b) motion that seeks to add a new ground for relief or attacks the federal court's prior decision on the merits, the motion is treated as the functional equivalent of an unauthorized successive § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 529-34 (2005); *Gilkers v. Vannoy*, 904 F.3d 336, 343-44 (5th Cir. 2018); *see also* 28 U.S.C. § 2244(b)(3)(A) (before second or successive application is filed with the district court, the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to consider the application). On the other hand, if a Rule 60(b) motion only challenges the district court's refusal to address the merits of a claim—based on such reasons as failure to exhaust, procedural default, or statute-of-limitations bar—the motion may proceed without pre-certification under § 2244(b)(3)(A).

Here, Petitioner objects to the Court's construal and dismissal of his initial pleading as an unauthorized petition for habeas corpus relief under § 2254. Because Petitioner is challenging the Court's refusal to address the merits of his claims, this motion can proceed without precertification under § 2244(b)(3)(A).

A Rule 60(b) movant is required to show "extraordinary circumstances" justifying the reopening of a final judgment, which "will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. Here, Petitioner's objections do not show extraordinary circumstances justifying the reopening of the Court's final judgment. Rather, they reinforce the Court's conclusion that Petitioner is trying to challenge his underlying conviction but has failed to obtain authorization to file the petition in this case.

It is therefore **ORDERED** that Petitioner's Objection to Order Dismissing Case (ECF No. 6) is construed as a Rule 60(b)(6) motion and is **DENIED**.

It is finally **ORDERED** that, to the extent necessary, a certificate of appealability is **DENIED**.

SIGNED this 23rd day of August, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE